PK

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SYL JOHNSON a/k/a Sylvester Thompson, d/b/a SYL-ZEL MUSIC CO. & TWINIGHT RECORDS Plaintiffs, | ) | 1:16-cv-05045 |
| v. | ) | Judge Harry D. Leinenweber<br>Magistrate Judge Sidney I. Schenkier |
| UMG RECORDING, INC.<br>ATLANTIC RECORDING CORPORATION<br>TOMMY BOY MUSIC, INC.<br>LAFACE RECORDS LLC<br>SONY MUSIC ENTERTAINMENT<br>WARNER MUSIC GROUP CORP.<br>And ROBERT JACOBS, individually and as defendant's attorney<br>Defendants, | ) | JURY DEMANDED |

FILED

MAY - 6 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**COMPLAINT**

Plaintiff, SYL JOHNSON a/k/a Sylvester Thompson (hereinafter "Johnson"), SYL-ZEL MUSIC CO., (hereinafter "Syl-Zel"), TWINIGHT RECORDS (hereinafter "Twinight") complain against Defendants UMG RECORDING, INC. (hereinafter "UMG") \as successor in interest to 4th & Broadway Records; ATLANTIC RECORDING CORPORATION (hereinafter "Atlantic Records"), TOMMY BOY MUSIC, INC. (hereinafter "Tommy Boy Records"), LAFACE RECORDS LLC (hereinafter "LaFace Records"), SONY MUSIC ENTERTAINMENT (hereinafter "Sony") as successor in interest to Columbia Records, WARNER MUSIC GROUP CORP. (hereinafter "WMG") as successor in interest to East West Records and Atlantic Records; And ROBERT JACOBS, individually and as defendant's WMG's and UMG's attorney (hereinafter "Jacobs").

## I. NATURE OF THIS ACTION

1. This is a civil action seeking damages and injunctive relief for Fraud and Forgery, under the Fraud and Forgery laws of the United States (720 ILCS 5\17-3), widespread, copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.) as well as 28 U.S.C. § 1367 for state law claims and Illinois Common law copyright.

## II. JURISDICTION AND VENUE

2. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has federal question jurisdiction in this matter in that Plaintiff seeks damages and injunctive relief against Defendants named herein under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., 17 U.S.C. §§ 501 through 505, and supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 to hear the claims of Misappropriation and Unfair Competition which are based on Illinois common law copyright and arise under state law. Also this court has jurisdiction over the matter pursuant to 28 U.S.C. §1332 in that the parties are citizens of different states, or a citizen of a foreign state, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000. Plaintiff also seeks damages and injunctive relief against Defendants named herein under the Fraud and Forgery Laws, 720 ILCS 5/17-3).

3. Venue lies within this Court pursuant to 28 U.S.C. Sections 1391, and 1400(a) as Defendant solicits and does business in this district; Plaintiff is being injured in this district; and in that a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District. In particular, Johnson, a resident of Illinois recorded "Different Strokes," the composition in question in this District. Furthermore, each and every Defendant, without the consent or permission of the copyright owners, illegally disseminated records containing portions

of copyrighted works in every jurisdiction in the United States including this District. Upon information and belief, all Defendants regularly and systematically carried and continue to carry out substantial, ongoing business activities in this District and are subject to personal jurisdiction in this district. Defendants committed Fraud and Forgery against Plaintiff in this district.

## III. INTRODUCTION

4. In 1967, Johnson produced, sang and recorded the composition "Different Strokes." The composition "Different Strokes" was written and created by John Cameron and John Zachary. "Different Strokes" was distributed to the public to great acclaim and has been sampled by many artists.

5. As performer of the vocals on the song "Different Strokes", Johnson owns the sound recording rights to "Different Strokes" under the Illinois Common Law. Johnson's sound recording rights in the original recording of 1967 are protected from misappropriation and acts of unfair competition under Illinois common law. Mr. Johnson assigned his ownership in the Master to Twinight Records Company.

6. Writers John Zachary and John Cameron registered the copyright in the musical composition of "Different Strokes" with the United States Copyright Office and secured Certificate of Registration No. **EU9873** and **EU8201**. The writers entered into an administration agreement with Plaintiff Syl-Zel Music by which Syl-Zel Music as music publisher was assigned the rights to administrate publishing.

7. Without Plaintiffs' knowledge or consent, Defendants UMG, Atlantic Records, Tommy Boy Records, Sony and WMG, collectively infringed on Plaintiffs' copyright in the composition of the song "Different Strokes" by unauthorized copying and sampling portion of the original composition and illegally included it in Defendants' respective new compositions: "**I**

**Know You Got Soul", "Rope A Dope Style (Super Remix)", "Free Your Mind (Theo's Wreck & Rec Remix)", "Free Your Mind (Theo's Wreck & Rep Remix)", "Maria"**, and **"Can't Take My Style"**. Defendants' UMG, Atlantic Records, WMG, Tommy Boy Records, and Sony still continue to sell and profit from the new compositions (hereinafter "Songs") which contains unauthorized samples of "Different Strokes".

8. Corporate Defendant UMG, Atlantic Records, Tommy Boy Records, Sony and WMG, manufactured, reproduced and/or distributed and continue to manufacture, reproduce and distribute copies of these songs which have violated Plaintiffs' copyright and are at issue in this lawsuit.

9. Corporate Defendant UMG, Atlantic Records, Tommy Boy Records, Sony, and WMG marketed and exploited the songs that is at issue in this lawsuit, but have granted or caused to be granted to various parties licenses to reproduce, sample and/or distribute the song that is in violation of Plaintiffs' copyright.

## IV. PARTIES

### TWINIGHT RECORDS

10. Johnson is a 79-year-old adult citizen of the State of Illinois engaged in the business of musical performance under the assumed business name of Twinight Records Co., which is an Illinois company engaged in the business of selling samples and/or issuing licenses to use Johnson's original sound recordings. Syl Johnson, the creator of the sound recording assigned Twinight Records both common law and United States copyright of the sound recording, "Different Strokes".

### SYL-ZEL MUSIC CO.

11. Syl-Zel Music Co. is an Illinois company and is in the business of music publishing and administration. Syl-Zel Music Co. is the publishing administrator for Johnson, John Zachary and John Cameron, writers of the composition, "Different Strokes".

**UMG**

12. Upon information and belief, Defendant UMG Recording Inc., is a corporation organized and existing under the laws of the State of California, with its principal place of business in the State of California. Said defendant is engaged in the business of manufacture, distribution, advertising, and/or sale of music performances in the forms of records, tapes, compact disks, among other media of certain the recording at issue in this lawsuit: **I Know You Got Soul**. On information and belief, said defendant owns and exploits the master recording to a song entitled "**I Know You Got Soul**" which contains a misappropriated or pirated sample from " Different Strokes" released by UMG d/b/a 4th & Broadway Records in 1987 and sold to Johnson on or about December 2013.[1]

**ATLANTIC RECORDS**

13. Upon information and belief, Defendant Atlantic Records, is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of New York. Said defendant is engaged in the business of manufacture, distribution, advertising, and/or sale of music performances in the forms of records, tapes, compact disks, among other media of certain the recording at issue in this lawsuit: **Rope A Dope Style (Super Remix).** On information and belief, said defendant owns and exploits the master recording to a song entitled "**Rope A Dope Style (Super Remix)**" which contains a misappropriated or pirated

[1] Photograph of UMG's Song "**I Know You Got Soul**" attached as **Exhibit A-1.**

sample from " Different Strokes" released by WMG d/b/a Atlantic Records in 1990 and sold to Johnson on or about August 2014.[2]

## TOMMY BOY RECORDS

14. Upon information and belief, Defendant Tommy Boy Records, is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of New York. Said defendant is engaged in the business of manufacture, distribution, advertising, and/or sale of music performances in the forms of records, tapes, compact disks, among other media of certain the recording at issue in this lawsuit: **Maria.** On information and belief, said defendant owns and exploits the master recording to a song entitled "**Maria**" which contains a misappropriated or pirated sample from " Different Strokes" released by Tommy Boy Records in 1992 and sold to Johnson on or about April 2014.[3]

## LAFACE RECORDS

15. Upon information and belief, Defendant LaFace Records, is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in the State of Georgia.

## SONY

16. Upon information and belief, Defendant Sony, is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of New York. Said defendant is engaged in the business of manufacture, distribution, advertising, and/or sale of music performances in the forms of records, tapes, compact disks, among other media of certain the recording at issue in this lawsuit: **Can't Take My Style**. On information and belief, said defendant owns and exploits the master recording to a song entitled "**Can't Take My**

---

[2] Photograph of Atlantic"s Song **"Rope A Dope Style (Super Remix)"** attached as **Exhibit A-2.**
[3] Photograph of Tommy Boy Record's Song **" Maria"** attached as **Exhibit A-3.**

**Style"** which contains a misappropriated or pirated sample from " Different Strokes" released by Sony d/b/a Columbia Records in 1991 and sold to Johnson on or about April 2014.[4]

**WMG**

17. Upon information and belief, Defendant WMG, is a corporation organized and existing under the laws of the State of California, with its principal place of business in the State of California. Said defendant is engaged in the business of manufacture, distribution, advertising, and/or sale of music performances in the forms of records, tapes, compact disks, among other media of certain the recording at issue in this lawsuit: **Free Your Mind (Theo's Wreck & Rec Remix)"** and **"Free Your Mind (Theo's Wreck & Rep Remix).** On information and belief, said defendant owns and exploits the master recording to a song entitled **"Free Your Mind (Theo's Wreck & Rec Remix)"** and **"Free Your Mind (Theo's Wreck & Rep Remix)"** which contains a misappropriated or pirated sample from " Different Strokes" released by WMG d/b/a East West Records in 1992 and sold to Johnson or about June 2014.[5]

**ROBERT JACOBS, individually and as attorney for Defendant(s)**

18. Upon information and belief, Defendant Robert Jacobs is an adult citizen who resides and practices law in the state of California. On information and belief, said defendant was/is the attorney for Defendants to date.

**V. GENERAL ALLEGATIONS OF FRAUD AND FORGERY**

19. On or about June 2, 2015, Johnson filed a civil action against UMG in the United States District Court for the Northern District of Illinois Eastern Division captioned Johnson et al v. Barrier et al, Case No. 15-cv-04840.

---

[4] Photograph of Sony's Song **"Can't Take My Style"** attached as **Exhibit A-4.**

[5] Photograph of WMG's Song **"Free Your Mind (Theo's Wreck & Rec Remix)"** and **"Free Your Mind (Theo's Wreck & Rep Remix)"** attached as **Exhibit A-5.**

20. On or about July 15, 2015, Jacobs sent Johnson an email with attachment of an alleged settlement agreement "General Release" dated January 28, 2015 between the parties of Case No. 15-cv-4840. Defendant(s) alleged that Johnson released all his claims to "Different Strokes"; alleged Johnson licensed the sampling and/or unauthorized use of "Different Strokes"; Defendant(s) alleged Johnson agreed not to file suit in connection to other unauthorized uses of "Different Strokes"; and Defendant(s) stated it would file a FRCP Rule 11 motion against Johnson to seek monetary and non-monetary sanctions based on the alleged settlement agreement "General Release" dated January 28, 2015 submitted to Johnson by email From: Jacobs, Robert <RJacobs@manatt.com> To: Dawn Morehead <d1morehead@yahoo.com>Cc: Syl Johnson <syljohnson1@aol.com>Sent: Wed, Jul 15, 2015 5:09 pm.[6] Johnson disputes any and all claims and/or allegations made by Defendant(s), which include but is not limited to: that he/Johnson had signed the alleged settlement agreement "General Release" dated January 28, 2015.

21. On or about July 18, 2015, Johnson withdrew his lawsuit in the United States District Court for the Northern District of Illinois Eastern Division, Case No. 15-cv-04840.

22. Thereafter, Johnson requested examination of the document by a Certified Forensic Document Examiner and Certified Fraud Examiner (CFDE/CFE), Warren Spencer of LS Spencer and Associates Inc., Specialists in Handwriting Examination and Identification in Saint Charles, Illinois 60174. Johnson obtained a review and study of the questioned signatures on the alleged Settlement Agreement "General Release" dated January 28, 2015 that Johnson had received by email from Jacobs on July 15, 2015.

23. On August 27, 2015, Johnson received Warren Spencer's findings on the alleged Settlement Agreement "General Release" dated January 28, 2015 that Johnson received by email

[6] Jacobs' email dated July 15, 2015 with 2015_Settlement_Agreement.pdf attached as **Exhibit B.**

from Jacobs on July 15, 2015. After Spencer's review and study of the questioned signatures of Syl Johnson and Sylvester Thompson, Spencer's qualified opinion to a reasonable degree of scientific certainty is that the signatures **are not** Syl Johnson or Sylvester Thompson based on the known and genuine original inked signatures provided for Spencer's examination and comparison.[7]

## VI. DEFENDANTS' UNLAWFUL CONDUCT

24. UMG, ATLANTIC RECORDS, TOMMY BOY RECORDS, LAFACE RECORDS, SONY and WMG knowingly and willfully committed fraud and forgery, which include but is not limited to:

25. Defendants knowingly and willfully continued to utilize a forged settlement agreement "general release" dated January 28, 2015 to make misrepresentation(s) to Johnson on July 15, 2015 by Robert Jacobs Esq.;

26. Defendants knowingly and willfully continued to make misleading statements regarding the origination of the forged settlement agreement and false allegation that Plaintiff signed the forged settlement agreement "general release" dated January 28, 2015;

27. Defendants attempts to avoid future/further liability in plagiarizing and/or Defendants' unauthorized use of Plaintiff's song "Different Strokes" without compensation to Plaintiff and/or obtaining a license;

28. Defendants knowingly and willfully continue to commit fraud upon Plaintiff and/or the Illinois Court as the basis for sanctions and/or dismissal without prejudice of Plaintiff's prior lawsuit(s) 1:15-cv-04840;

[7] Warren Spencer's Forensic Report regarding examination of signatures on 2015_Settlement_Agreement. pdf (document) emailed by Robert Jacobs to Johnson on July 15, 2015 attached as **Exhibit C.**

29. Defendants knowingly and willfully committed forgery and continues to use the forged settlement agreement to date, to further Defendants wide spread plagiarism of Johnson's song "Different Strokes";

30. Defendants UMG Recording, Atlantic Records, Tommy Boy Records, Sony and WMG released the "Songs" and continues to profit from the use/sampling of Johnson's sound recording in Defendant's "Songs" to date. Defendant's proceeds from their songs with sampled portions of one of the versions of "Different Strokes" continues to be used without credit to; authorization by; and/or purchase of a license from the original creators of the composition "Different Strokes";

31. Upon information and belief "Songs" was originally released under the Zakia Records label, Island Records label and 4th & Broadway Records label and distributed by Universal Recordings Inc., Atlantic Records, Tommy Boy Records, Sony and WMG;

32. Upon information and belief "Songs" was originally published and licensed by UMG Recordings Inc., Atlantic Records, Tommy Boy Records, Sony and WMG; and

33. "Songs" sampled portions of one of the versions of "Different Strokes" but does not credit the original creators of the composition and/or has not compensated Plaintiff for Defendant's unauthorized use of Plaintiff's sound recording "Different Strokes" in any way.

**COUNT I**

**FRAUD BY DEFENDANTS UMG, ATLANTIC RECORDS, TOMMY BOY RECORDS, LAFACE RECORDS, SONY, WMG.**

34. Johnson repeats, realleges and incorporates by reference Paragraph Nos. 1 through 33, though fully set forth herein.

35. Defendants improper endorsement and use of a forged document to make misrepresentation(s) to Plaintiff and/or the Court(s) that Plaintiff had signed the document on January 28, 2015; and to coerce Plaintiff to dismiss his lawsuit on or about July 15, 2015, Case No. 1:15-cv-04840.

36. Defendants improper endorsement and use of a forged document to make misrepresentation(s) was intended to and did deprive Plaintiff of proceeds intended for his benefit and to which he was entitled and constitutes fraud on the part of Defendants and financial elderly abuse.

37. Defendants' fraudulent conduct and financial elderly abuse warrants the imposition of both compensatory and punitive damages.

WHEREFORE Plaintiff demand the entry of judgment in his favor and against Defendants in the amount of their damages in excess of $75,000.00 plus punitive damages, attorneys fees, pre-judgment interest and the costs of this litigation.

## COUNT II

## FORGERY BY DEFENDANTS UMG, ATLANTIC RECORDS, TOMMY BOY RECORDS, LAFACE RECORDS, SONY, WMG.

38. Johnson repeats, realleges and incorporates by reference Paragraph Nos.1 through 37, though fully set forth herein.

39. Defendants improper endorsement and use of a forged document was done with the intent to defraud Plaintiff and constitutes the Class III felony of forgery under 720 ILCS 5/17-3 of the Illinois Criminal Code of 1961 and financial elderly abuse, which merits the awarding of punitive damages.

40. Section 5 ILCS 175/30-5 of the Illinois Compiled Statutes provides for appropriate relief in a civil action by anyone "whoever suffers loss by reasons of a violation of…Section 17-3 of the Criminal Code of 1961" including the award of reasonable attorney fees and other litigation expenses.

WHEREFORE Plaintiff demand the entry of judgment in his favor and against Defendants in the amount of their damages in excess of $75,000.00 plus punitive damages, attorneys fees, pre-judgment interest and the costs of this litigation.

**COUNT III**

**FRAUD BY DEFENDANTS' ATTORNEY, ROBERT JACOBS, ESQ.**

41. Johnson repeats, realleges and incorporates by reference Paragraph Nos. 1 through 40, though fully set forth herein.

42. Jacobs' direction to Defendants' improper endorsement and use of a forged document was done to preclude Plaintiff from exercising his rights under federal and state laws; to prevent all further/future litigation(s) against Defendants; to make misrepresentation(s) to Plaintiff and/or the Court(s) that Plaintiff had signed the forged document dated January 28, 2015; and to coerce Plaintiff to dismiss his lawsuit on or about July 17, 2015, Case No. 1:15-cv-04840.

43. Jacobs' direction to Defendants' improper endorsement and use of a forged document was intended to and did deprive Plaintiff of proceeds intended for his benefit and to which Plaintiff was entitled and constitutes fraud on the part of Defendants and financial elderly abuse.

44. Jacobs' direction to Defendants' fraudulent conduct and financial elderly abuse warrants the imposition of both compensatory and punitive damages.

WHEREFORE Plaintiff demand the entry of judgment in his favor and against Defendant Jacobs in the amount of their damages in excess of $75,000.00 plus punitive damages, attorneys fees, pre-judgment interest and the costs of this litigation.

**COUNT IV**

**FORGERY BY DEFENDANTS' ATTORNEY, ROBERT JACOBS, ESQ.**

45. Johnson repeats, realleges and incorporates by reference Paragraph Nos. 1 through 44, though fully set forth herein.

46. Jacobs' direction to Defendants' improper endorsement and use of a forged document was done with the intent to defraud Plaintiff constitutes the Class III felony of forgery under 720 ILCS 5/17-3 of the Illinois Criminal Code of 1961 and financial elderly abuse, which merits the awarding of punitive damages.

47. Section 5 ILCS 175/30-5 of the Illinois Compiled Statutes provides for appropriate relief in a civil action by anyone "whoever suffers loss by reasons of a violation of…Section 17-3 of the Criminal Code of 1961" including the award of reasonable attorney fees and other litigation expenses.

WHEREFORE Plaintiff demand the entry of judgment in his favor and against Defendants in the amount of their damages in excess of $75,000.00 plus punitive damages, attorneys fees, pre-judgment interest and the costs of this litigation.

**COUNT V**

**FEDERAL COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS UMG, ATLANTIC RECORDS, TOMMY BOY RECORDS, SONY, WMG.**

48. Johnson repeats, realleges and incorporates by reference Paragraph Nos. 1 through 33, though fully set forth herein.

49. Plaintiffs own the federal registered copyright in the derivative recording of "Different Strokes".

50. Defendants were and are aware of Plaintiffs' rights in the composition.

51. Defendants were aware at all times relevant to this complaint that "Different Strokes" was the original expression of Syl Johnson, John Zachary and John Cameron, and that it was not the original expression of Defendants or anyone else associated with Defendants, and that the work was and continues to be protected by copyright.

52. Without Plaintiffs' knowledge or consent, Defendants infringed on the copyright in the composition by copying portions of one of the versions of the composition "Different Strokes" and including it in a new composition without permission.

53. Without Plaintiffs' knowledge, permission or consent, Defendants infringed on the sound recording copyright of the composition by sampling excerpts of one of the versions of the sound recording "Different Strokes" without authorization.

54. Defendants have not paid any royalties or other compensation to Plaintiffs for Defendants' unauthorized copying and use of plaintiffs work.

55. Defendants' conduct violated 17 U.S.C. § 106, and Defendants are liable under 17 U.S.C. § 501.

56. All the Defendants' infringing acts described herein were committed willfully and continue to be committed willfully as they are still being distributed.

57. Plaintiffs are entitled to recover all damages sustained as a result of Defendants' unlawful conduct.

**COUNT VI**

## ILLINOIS COMMON LAW UNFAIR COMPETITION AND MISAPPROPRIATION AGAINST DEFENDANTS UMG, ATLANTIC RECORDS, TOMMY BOY RECORDS, SONY, WMG.

58. Johnson repeats, realleges and incorporates by reference Paragraph Nos. 1 through 33 and 48 through 57, though fully set forth herein.

59. Plaintiffs own the Illinois common law copyright in the sound recording of the original music composition "Different Strokes."

60. Defendants were and are aware of Plaintiffs' rights in the composition.

61. Defendants were aware at all times relevant to this complaint that "Different Strokes" was the original expression of Syl Johnson, John Zachary and John Cameron, and that it was not the original expression of Defendants or anyone else associated with Defendants, and that the work was and continues to be protected by copyright.

62. Without Plaintiffs' knowledge or consent, Defendants infringed on the copyright in the sound recording by copying portions of one of the versions of the sound recording "Different Strokes" and including it in a new composition without permission, thus appropriating a valuable business asset belonging to Plaintiff.

63. Defendants have not paid any royalties or other compensation to Plaintiffs for Defendants' copying and unauthorized uses of plaintiffs work. Defendants' conduct is in violation of Illinois common law as it relates to the torts of Unfair competition and Misappropriation.

64. Pursuant to title 17 United States Code, sec/ 301(c), Plaintiffs' rights in the sound recording are protected from defendants' misappropriation and unfair competition under Illinois State law by the same rights and remedies that protect copyright owners regarding infringement

of federal sound recording copyrights on sound recordings that were fixed after February 15, 1972.

65. The continued unauthorized use by defendants of portions of the original sound recording of "Different Strokes" constitutes the continuing torts of unfair competition and wrongful appropriation (piracy) of said sound recording under the common law and statutory law of the State of Illinois.

66. All the Defendants' infringing acts described herein continue to be committed willfully.

67. Plaintiffs are entitled to recover all damages sustained as a result of Defendants' unlawful conduct.

## COUNT VII

## ACTION FOR ACCOUNTING AGAINST DEFENDANTS UMG, ATLANTIC RECORDS, TOMMY BOY RECORDS, SONY, WMG,

68. Johnson repeats, realleges and incorporates by reference Paragraph Nos. 1 through 68, though fully set forth herein.

69. Compensation is due and owing from Defendants to Plaintiffs.

70. There is no adequate remedy at law as Plaintiffs are not in the position to ascertain the proper compensation they are due without an accounting of Defendants sales and revenues from the use of Plaintiffs' sound recording and a judgment for the balance.

## COUNT VIII

## UNJUST ENRICHMENT AGAINST DEFENDANTS UMG, ATLANTIC RECORDS, TOMMY BOY RECORDS, SONY, WMG.

71. Johnson repeats, realleges and incorporates by reference Paragraph Nos. 1 through 68, though fully set forth herein.

72. Plaintiffs' ownership of the rights to use and the rights to license the use of the composition "Different Strokes" are a valuable asset to Plaintiff.

73. By sampling excerpts from Plaintiff's sound recording "Different Strokes" without permission or authorization, and using it in Defendants' sound recordings without paying compensation, Defendants have appropriated a valuable asset belonging to Plaintiff.

74. By failing to pay compensation to Plaintiff for the use of portions of the sound recording and composition "Different Strokes", Defendants have retained Plaintiffs' benefit and such retention of Plaintiffs' benefit violates the fundamental principles of justice, equity and good conscience.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs Twinight Records and Syl-Zel Music Co. pray that this Honorable Court grant the following relief in their favor:

1. Permanently restrain and enjoin Defendants and all persons acting in concert with Defendants of acting or purporting to act on their behalf, from infringing Plaintiffs federal and common-law copyrights in any manner whatsoever, and specifically distributing copies of Plaintiffs musical composition or sound recording;

2. Order the impounding of all musical compositions and sound recordings in Defendants possession, custody, or control that were made or used in violation of Plaintiffs federal and common law copyrights pursuant to 17 V.S.C. § 106;

3. Award Plaintiffs their actual damages and Defendants' profits attributed to

Defendants' act of infringement;

4. Order a full accounting from Defendants arising out the sales and publishing activities relating to any of Plaintiffs' rights, and render a judgment for the balance due to Plaintiffs;

5. Order disgorgement of any money Defendants have retained through unjust enrichment;

6. Award punitive damages appropriate to the egregious nature of Defendants' tortuous conduct;

7. Award Plaintiffs' attorney fees and costs pursuant to 17 U.S.C. §505; and

8. Award such other relief as is warranted by the facts and the law and is just under the circumstances. Plaintiff hereby demands a jury trial on all issues properly triable before a jury.

9. Plaintiff Sylvester Thompson requests a speeding trial due to his age.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,

By: ______________________

Syl Johnson a/k/a Sylvester Thompson
d/b/a Twinight Records c/o Syl-Zel Music Co.

Address: 3316 W. 59th Street
Chicago, Illinois 60629
Phone: 1-773-557-9341

**EXHIBIT A1**


4TH B'WAY
ERIC B. & RAKIM
PAID IN FULL
162-444 005-2
I AIN'T NO JOKE
ERIC B. IS ON THE CUT
MY MELODY
I KNOW YOU GOT SOUL
MOVE THE CROWD
PAID IN FULL
AS THE RHYME GOES ON
CHINESE ARITHMETIC
ERIC B. IS PRESIDENT
EXTENDED BEAT


ERIC B.
&
RAKIM
PAID IN FULL:
THE PLATINUM EDITION

**EXHIBIT A2**


ATLANTIC
DMD 1547
LEVERT
33 1/3 RPM
STEREO
CLUB SIDE
ROPE A DOPE STYLE
SUPER REMIX/6:14
EXTENDED VERSION/5:50
DON'T GIVE A DUB MIX/4:16
ACAPELLA/4:43
Produced & Arranged by: Gerald Levert & Marc Gordon for
Trevel Productions Co. Inc.
"ROPE A DOPE STYLE"
© 1990 Atlantic Recording Corp. All Rights Reserved.
PROMOTIONAL COPY
NOT FOR SALE


LEVERT
ROPE A DOPE STYLE

**EXHIBIT A3**


TommY® BOY
TB 520 A
Published by Blue Ink Music/Third & Lex Music/ Tee Girl Music (BMI)
Produced and mixed by Joey Gardner and Kayel
Written by Kayel and J. Gardner
Scratches by Mario "Non-Stop" Nieves and the Undercover Brother
Keyboards: Andy Marvel
Mix engineer: Tommy Uzzo
℗© 1992 Tommy Boy Music, Inc.
MARIA 6:56
12" VOCAL
MARIA 4:16
RADIO EDIT
TKA
Distributed by Tommy Boy Music, Inc., 1747 First Avenue, New York, NY 10128

**EXHIBIT A4**


TERMINATOR X &
THE VALLEY OF THE
JEEP BEETS
COLUMBIA
468421 2
BIEM/STEMRA
COMPACT disc DIGITAL AUDIO
℗ 1990, 1991 Rush Associated Labels
01-468421-10
LC 6650
1. VENDETTA...THE BIG GETBACK 2. BUCK WHYLIN'
3. HOMEY DON'T PLAY DAT 4. JUVENILE
DELINQUINTZ 5. THE BLUES 6. BACK TO THE
SCENE OF THE BASS 7. CAN'T TAKE MY STYLE
8. WANNA BE DANCIN' 9. DJ IS THE SELECTOR
10. RUN THAT GO-POWER THANG 11. NO
FURTHER 12. HIGH PRIEST OF TURBULENCE
13. AIN'T GOT NUTTIN'


TERMINATOR X
& THE
VALLEY
OF THE
JEEP BEETS

**EXHIBIT A5**


EN VOGUE
REMIXES
1. FREE YOUR MIND (THEO'S REC AND WRECK EDIT)
2. MY LOVIN' (HYPERADIO)
3. GIVE IT UP, TURN IT LOOSE (KEVIN'S JAZZ MIX)
4. GIVING HIM SOMETHING HE CAN FEEL (EDIT)
5. MY LOVIN' (EXTENDED EDIT)
6. GIVE IT UP, TURN IT LOOSE
("WELCOME TO THE GHETTO" HIP HOP EDIT)
7. FREE YOUR MIND (JAMES' REMIX EDIT)
AMCY-504


EN VOGUE
1 give it up, turn it loose lp edit 4.05
2 free your mind theo's rec and wreck remix 5.41
3 hold on radio version with intro 5.02
4 give it up, turn it loose kevin's jazz mix 4.20
A8445CD 7567-96082-2 france CA 711
for further information see inlay ℗ 1992 wea international inc © 1992 wea international inc except track 3
℗ 1990 wea international inc a time warner company
GEMA BIEM
LC 7567
all rights of the producer and of the owner of the work reproduced reserved unauthorized copying, hiring, lending, public performance and broadcasting of this record prohibited

Exhibit B-1

**Subject:** Fwd: RE: PROPOSED JOINT SCHEDULING ORDER Case No. 1:15-cv-04840

**From:** syljohnson1@aol.com (syljohnson1@aol.com)

**To:** sellehcorworld@yahoo.com;

**Cc:** d1morehead@yahoo.com;

**Date:** Thursday, July 16, 2015 8:56 AM

hey every, this Jacob, comments , about the joint settlements! He need to put this in his answers to the Judge!! Tell me you all's thinkings???

Yours Truly, Syl Johnson

*************************************************************

**CONFIDENTIAL** The information contained in this e-mail is intended only for the personal and confidential use of the designated recipients of the email. This message is privileged and confidential. If you are not an intended recipient of this message or an agent responsible for delivering it to an intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this message in error, please delete it and all copies and notify us immediately by reply e-mail.

*************************************************************

-----Original Message-----
From: Jacobs, Robert <RJacobs@manatt.com>
To: Dawn Morehead <d1morehead@yahoo.com>
Cc: Syl Johnson <syljohnson1@aol.com>
Sent: Wed, Jul 15, 2015 5:09 pm
Subject: RE: PROPOSED JOINT SCHEDULING ORDER Case No. 1:15-cv-04840

Ms. Morehead:

Sorry for the brief delay in getting back to you.

As I mentioned when you and I first spoke about this case last month, we believe its filing was improper because, among other reasons, Mr. Johnson entered into two different settlement agreements – in 2009 and January 2015 (attached) – in which he (i) released the claims that are the subject of the new lawsuit; (ii) licensed the alleged uses of "Different Strokes" upon which he bases these claims; and/or (iii) expressly agreed not to file suit in connection any such use. In light of these issues, we intend to send Mr. Johnson a letter next week asking him to withdraw this lawsuit, and warning him that, if he chooses not to, we will file a motion pursuant to Rule 11 of the Federal Rules of Civil Procedure ("FRCP") seeking monetary and non-monetary sanctions against him in connection with this lawsuit.

If Mr. Johnson does not withdraw the lawsuit, we also plan to file a motion to dismiss it pursuant to FRCP 12(b)(6). We will seek dismissal based on the settlement agreements mentioned above and, on the

grounds, among others, that the alleged uses of "Different Strokes" in the work(s) at issue are de minimis and/or protected by the fair use doctrine and, thus, not actionable.

In light of the above issues, we plan to ask the Court to adjourn the dates for the parties' submission of a proposed joint scheduling order and the initial status conference until 14 and 21 days, respectively, after the Court rules on the motions outlined above. We believe such an adjournment is warranted for purposes of judicial economy and because it also potentially will allow the parties to conserve their resources.

Please let me know by noon (CT) on Friday if Mr. Johnson will consent to the proposed adjournment. Thank you for your cooperation.

Best regards.

Robert

---

**From:** Dawn Morehead [mailto:d1morehead@yahoo.com]
**Sent:** Friday, July 10, 2015 2:30 PM
**To:** Jacobs, Robert
**Cc:** Syl Johnson
**Subject:** Re: PROPOSED JOINT SCHEDULING ORDER Case No. 1:15-cv-04840

Good afternoon, Mr. Jacobs

I would like to say thank you for you prompt response, and the earlier part of next week would be great!

Thank you and good luck with your move!

Sincerely,
Dawn Morehead
d1morehead@yahoo.com

On Thursday, July 9, 2015 12:33 AM, "Jacobs, Robert" <RJacobs@manatt.com> wrote:

Ms. Morehead:

My apologies, but I was out of the office for most of the afternoon and only retrieved your messages from earlier today just now.

I will speak to my client about your proposed schedule and the issues you've raised. I will be out of the office for most of the day tomorrow and all day Friday because I am moving. As a result, I may not be able to get back to you until early next week.

Best regards.

Robert

Exhibit B-3

From: Dawn Morehead [d1morehead@yahoo.com]
Sent: Wednesday, July 08, 2015 5:13 PM
To: Jacobs, Robert
Cc: Syl Johnson; Dawn Morehead
Subject: PROPOSED JOINT SCHEDULING ORDER Case No. 1:15-cv-04840

Hello Mr. Jacobs,

This email is to follow up on our conversation, on June 26, 2015, PROPOSED JOINT SCHEDULING ORDER Case No. 1:15-cv-04840

You informed me once you receive the Waiver Of The Service Of Summons, we agreed upon, you would be willing to talk about dates for the PROPOSED JOINT SCHEDULING ORDER, Case No. 1:15-cv-04840, well I have been informed you have received the waiver so I am sending you the Proposed Joint Scheduling Order, Case No. 1:15-cv-04840, to review and confirm that these dates are acceptable.

Also, Mr. Jacobs, would you be willing to set the maximum number of interrogatories to 75 and Admissions to 200?

Thank You.
Sincerely,
Dawn Morehead
d1morehead@yahoo.com<mailto:d1morehead@yahoo.com>

773-616-2429

---

**Attachments**

- 2015_Settlement_Agreement.pdf (6.00MB)

***FOR SETTLEMENT PURPOSES ONLY***
***NOT TO BE USED FOR ANY OTHER PURPOSE***

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement"), dated as of January 28, 2015 (the "Effective Date"), is made and entered into between Twilight Records Inc., Syl-Zel Music Inc. ("SZM) and Sylvester Thompson p/k/a Syl Johnson ("Johnson"), on the one hand, and UMG Recordings, Inc., individually and d/b/a Island Def Jam Records, Motown Records and Interscope Records (collectively, "UMG"), Warner Music Group Corp. ("WMG"), Tommy Boy Music, Inc. ("Tommy Boy"), Atlantic Recording Corporation ("Atlantic"), Sony Music Entertainment, individually and d/b/a Epic Records (collectively, "SME") and LaFace Records LLC ("LaFace"), on the other hand.

WHEREAS, in or around 1967, John Cameron ("Cameron") and John Zachery ("Zachery") wrote the musical composition entitled "Different Strokes" (the "Composition");

WHEREAS, Johnson claims he acquired all right, title and interest, including the worldwide copyright, in and to the Composition pursuant to (i) songwriter agreements he purportedly entered into with Cameron and Zachery in or around 1967; and (ii) copyright assignments he purportedly received in 1995 from Zachery and Jennifer Cameron, the supposed successor-in-interest to Cameron's rights in and to the Composition;

WHEREAS, in or around August 1967, Edgewater Music, Inc. ("Edgewater") obtained a copyright registration – number Eu 8201 – for the Composition;

WHEREAS, in or around 1967, Johnson recorded the Composition in a performance embodied in the sound recording entitled "Different Strokes" (the "Recording") and released that year by Twilight Records a/k/a Twilight Record Co. and Twilight Records, Inc. (collectively "Twilight");

WHEREAS, Johnson claims he acquired an undivided share of all right, title and interest

in and to the Recording upon its creation because he, along with Howard Bedno ("Bedno") and Peter Wright ("Wright"), purportedly co-owned Twilight and its successor-in-interest, Twinight Records, Inc. ("Twinight");

WHEREAS, Johnson claims that, sometime prior to Twinight's supposed dissolution in 1980, Bedno purportedly assigned to him, on Twilight's and Twinight's behalf, all of the companies' right, title and interest, if any, in and to the Recording;

WHEREAS, Johnson claims he created a remix of the Recording in March 1972, which supposedly embodies a re-recording of the series of grunts, laughs and drum beats comprising the opening section of the Recording (the "Remix");

WHEREAS, Johnson claims that he obtained a copyright registration – number SR0000360-720 – for the Remix in 1996;

WHEREAS, Johnson, on the one hand, and Wright, The Wright Group, Sunlight Records, Inc., an entity identified as "the original Twinight Records, Inc.," Edgewater and Midday Music, on the other hand, entered into a written agreement dated as of July 10, 2007, pursuant to which, among other things, (i) Wright and Sunlight Records, Inc. "relinquish(ed) all claims to any right, title and interest in the copyright [in and to the Recording and other master recordings by Syl Johnson and] quitclaim[ed] to Syl Johnson any all rights they may have in [such] recordings"; and (ii) Wright, Edgewater and Midday Music "quitclaim[ed] and relinquish[ed] all claims to any right[,] title and interest in Syl Johnson's share of the [musical] compositions written or co-written by Syl Johnson as embodied in the master recordings of Johnson or otherwise administered or claimed by Wright";

WHEREAS, on or about October 1, 2013, Twilight Records Inc. and SZM (collectively, "Plaintiffs") commenced a lawsuit against UMG, WMG, Tommy Boy, Atlantic, SME and LaFace (individually and collectively, "Defendants"), among others, in the United States District

Court for the Northern District of Illinois captioned "Twilight Records Inc. et al. v. Raymond et al., 13-cv-7057" ("Lawsuit"), by filing a complaint, which Plaintiffs later amended four times, alleging that (i) Defendants directly or contributorily infringed Plaintiffs' rights under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* (the "Act") and/or Illinois law, by distributing or otherwise commercially exploiting the sound recordings listed in Exhibit 1 hereto (the "Defendants' Recordings"), all of which supposedly sample or otherwise use without authorization portions of the Recording, Remix and/or Composition (individually and collectively, the "Johnson Works"); and (ii) Defendants are required to account to Plaintiffs for all revenues generated by Defendants' purported wrongdoing (collectively, the "Main Claims");

WHEREAS, separate and apart from the Lawsuit, Plaintiffs and Johnson have raised claims that Traffic Entertainment Group ("TEG"), UMG, WMG, SME and other Releasees (as defined in paragraph 2 below) directly or contributorily infringed Plaintiffs' and/or Johnson's rights under the Act and/or Illinois law by distributing or otherwise commercially exploiting other sound recordings (the "Other Recordings"), including, without limitation, those listed in Exhibit 2 hereto, that also supposedly sample or otherwise use without authorization portions of the Johnson Works (the "Other Claims");

WHEREAS, Defendants deny all of the material allegations in the Lawsuit and underlying the Other Claims, as applicable, and any and all claims of wrongdoing or liability in any way to Plaintiffs and/or Johnson, including, without limitation, in relation to the Defendants' Recordings and the Other Recordings (collectively, the "Challenged Recordings");

WHEREAS, TEG has denied the material allegations underlying the Other Claims and any and all claims of wrongdoing or liability in any way to Plaintiffs and/or Johnson;

WHEREAS, without admission of any liability or wrongdoing whatsoever, Plaintiffs and Johnson, on the one hand, and Defendants, on other hand (all of the foregoing, collectively, the

"Parties"), desire to settle and discharge, without the burden and expense of litigation, any and all disputes and claims that Plaintiffs, Johnson or any of the other Releasors (as defined in paragraph 2 below) may now or hereafter have against (A) Defendants, (B) the recording artists, songwriters, music publishers, producers and record labels credited on the Challenged Recordings (collectively, the "Credited Parties"), or (C) the other Releasees (as defined in paragraph 2 below), including, without limitation, the Main Claims and Other Claims, as well as any and all other claims arising from or relating to (i) the Challenged Recordings; (ii) the musical compositions embodied in the Challenged Recordings; (iii) the allegedly unauthorized use of the Johnson Works in any other sound recording or musical composition first created, released or otherwise exploited by Defendants, the Credited Parties or any of the other Releasees (as defined in paragraph 2 below) prior to the Effective Date, regardless of how, in what manner or media, or by whom such sound recording or musical composition may have been or may be exploited before or after the Effective Date (all such uses referenced in this clause (iii), collectively, the "Other Uses"); and (iv) any other matter relating to the Johnson Works, whether known or unknown and whether or not asserted in the Lawsuit, that Plaintiffs and/or Johnson raised or could have raised prior to the Effective Date against Defendants, the Credited Parties and/or any of the other Releasees (as defined in paragraph 2 below) (all of the foregoing, collectively, the "Released Claims");

NOW, THEREFORE, in consideration of the promises herein made and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. Not later than thirty (30) days after Robert A. Jacobs, counsel for Defendants, receives a fully-executed copy of this Agreement bearing the original or electronic signatures of Plaintiffs, Johnson and Defendants and a completed IRS Form W-9 from the Douwonah Law

Office, Defendants shall pay Plaintiffs and Johnson the sum of ninety thousand dollars ($90,000.00) (the "Settlement Payment"), which amount Plaintiffs and Johnson hereby irrevocably direct Defendants to make payable by one or more checks to "Douwonah Law Office" on behalf of and solely as an accomodation to Plaintiffs and Johnson, in full consideration of all rights granted herein and in full settlement of any and all claims released herein. The Settlement Payment shall be delivered to Amina Al-Hassan Dowuonah, Plaintiffs' and Johnson's counsel, at the following address:

Amina Al-Hassan Dowuonah
1555 Naperville-Wheaton Road, Suite 212
Naperville, Illinois 60563

No later than two (2) business days after Ms. Dowuonah receives the Settlement Payment, Plaintiffs and/or Johnson shall (i) provide Defendants with written confirmation of such receipt; and (ii) file a Notice of Dismissal with Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) in the Lawsuit in the form annexed hereto as Exhibit 3.

2. Except for claims to enforce the terms of this Agreement, and in consideration of the undertakings and other covenants set forth herein, Plaintiffs and Johnson, on behalf of themselves and each of their past, present or future partners (whether general, limited or otherwise), entities, related entities, affiliates, predecessors-in-interest, successors-in-interest, divisions, units, subsidiaries (whether wholly, partially or indirectly owned), co-venturers, executors, heirs, administrators, parents, owners, principals, officers, managers, shareholders, directors, members, employees, representatives, distributors, licensees (including, without limitation, The Numero Group), insurers, attorneys, consultants, accountants, agents and each of their respective successors and assigns, and any and all other persons, corporations or other entities acting under the authority, supervision, direction, control or on behalf of any of the foregoing (collectively, "Releasors"), hereby release and discharge Fontana Distribution, LLC, Isolation

Network, Inc., the Credited Parties, Defendants and each of their respective past, present or future partners (whether general, limited or otherwise), entities, related entities, affiliates (including, without limitation, Capitol Records LLC d/b/a Caroline Distribution, Universal Music Italia SRL, Rhino Entertainment Company, Warner Bros. Records Inc., and each of SME's affiliated record labels), predecessors-in-interest, successors-in-interest, divisions (including, without limitation, Elektra Records), units, subsidiaries (whether wholly, partially or indirectly owned), co-venturers, executors, heirs, administrators, parents, owners, principals, officers, managers, shareholders, directors, members, employees, representatives, distributors (including, without limitation, Warner-Elektra-Atlantic Corp.), licensees (including, without limitation, TEG), licensors (including, without limitation, Stones Throw Records), insurers, attorneys, consultants, accountants, agents and each of their respective successors and assigns, and any and all other persons, corporations or other entities acting under the authority, supervision, direction, control or on behalf of any of the foregoing (collectively, "Releasees") from any and all liabilities, actions, claims, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bills, covenants, contracts, controversies, agreements, obligations, promises, acts, costs, expenses (including, but not limited to, attorneys' fees), damages, judgments and demands, whatsoever, whether known or unknown, contingent or vested, in law or equity, that Plaintiffs, Johnson or any of the other Releasors ever had, may now have, or hereafter can, shall or may have against Defendants or any of the other Releasees from the beginning of the world through the end of time relating to the Released Claims.

3. In furtherance of the releases set forth herein, Plaintiffs and Johnson, on behalf of themselves and the other Releasors, hereby (i) acknowledge that they may later discover facts different from or in addition to those that they now know or believe to be true with respect to the claims released hereunder; (ii) agree that, in such event, the releases herein, including, without

limitation, the general releases herein, shall nevertheless remain effective in all respects, notwithstanding such different or additional facts or the discovery of those facts; and (iii) further acknowledge that they are aware of, have read, understand and expressly waive any and all rights that they have or may have under § 1542 of the California Civil Code, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiffs and Johnson, on behalf of themselves and the other Releasors, further waive and relinquish any right or benefit that they have or may have under any law or statute similar to § 1542 of the California Civil Code in any other jurisdiction.

4. Plaintiffs and Johnson understand, acknowledge and agree that (i) the releases hereunder forever bar them and the other Releasors from pursuing any kind of legal action against Defendants or any of the other Releasees in relation to, among other things, the Challenged Recordings, the musical compositions embodied in the Challenged Recordings and the Other Uses (collectively, the "Releasees' Works"); and (ii) the releases hereunder extend to any and all of the Other Uses, regardless of whether Plaintiffs, Johnson or any of the other Releasors knew about them before the Effective Date, or only learned about them after the Effective Date.

5. Plaintiffs and Johnson hereby grant to Defendants and each of the other Releasees (hereinafter collectively the "Licensed Parties") the following license:

(a) The term shall continue in perpetuity;

(b) The territory ("Territory") shall be the universe;

(c) The rights granted include the irrevocable and non-exclusive right to use the Johnson Works in the Releasees' Works;

(d) Without limitation, the irrevocable and non-exclusive license granted to the Licensed Parties and set forth in paragraph 5(a)-(c) immediately above shall exist in all past, existing and future formats and versions of the Releasees' Works, and allow distribution and exploitation of the Releasees' Works, and reproduction of same in all media, now known or hereafter invented, throughout the Territory, in perpetuity, effective the date each of the Releasees' Works first was created and/or produced, including, without limitation, the right to: (i) use the Releasees' Works in all audio and/or video and/or other formats now known or hereafter invented; (ii) synchronize, distribute and exhibit, and/or authorize the synchronization, distribution and exhibition of the Releasees' Works in any form of audiovisual presentation, including without limitation, film, television, videocassette, video disc or any other audiovisual medium, now known or hereafter invented; (iii) perform or allow to be performed the Releasees' Works, and to edit, alter, vary, adapt or remix the Releasees' Works; and (iv) copyright, distribute and/or exploit the Releasees' Works or any edit, alteration, variation, adaptation, sample, interpolation or remix of such works, and/or cause the same to be copyrighted, distributed and/or exploited in any manner and in any name or credit, and/or to refrain therefrom.

The license and rights provided for in this paragraph 5 are granted without any further payment whatsoever to Plaintiffs, Johnson or any other person or entity.

6. (a) Plaintiffs and Johnson represent and warrant that (i) they are the sole and exclusive owners, in perpetuity, of all right, title and interest in and to the Johnson Works, including, without limitation, the worldwide copyrights therein; (ii) no other person or entity has any right, title or interest of any kind in or to the Johnson Works; (iii) except for Plaintiff's counsel of record, who is not and is not intended to be a third-party beneficiary under this Agreement, no other person or entity has any interest in the Lawsuit or the Settlement Payment, including, without limitation, any lawyer, law firm or expert consulted by Plaintiffs or Johnson

in connection with the Lawsuit; (iv) Plaintiffs and Johnson have not assigned, transferred or otherwise conveyed any of the rights granted or any of the claims resolved or released herein to any third party; (v) Plaintiffs and Johnson have the full right, power and authority to enter into this Agreement and to grant Defendants all of the rights hereunder with respect to the Johnson Works; (vi) the Settlement Payment and other matters set forth in this Agreement, including, without limitation, the releases and license granted under the Agreement, shall not infringe or otherwise violate the rights of any third party; (vii) except for the Settlement Payment, neither Defendants nor any of the other Releasees shall be required to make any payment whatsoever to Plaintiffs, Johnson or any third party for the use of the Johnson Works in the Releasees' Works; and (viii) Plaintiffs and Johnson have informed Defendants of each matter set forth in this paragraph 6(a).

(b) Plaintiffs and Johnson shall indemnify and hold Defendants and the other Releasees harmless against any claim that is inconsistent with any of the representations and warranties in paragraph 6(a) immediately above, including, without limitation, with respect to any and all attorneys' fees, costs, expenses and/or liability incurred by Defendants in connection with any such claim(s).

7. Plaintiffs and Johnson agree and covenant on behalf of themselves and the other Releasors that none of them (i) owns any copyright interest or any other right, title or interest of any kind in and to any of the Releasees' Works; (ii) will hereafter make any claim or institute any legal proceedings in which any of them asserts (A) that one or more of the Releasees' Works violate(s) their rights under federal or state law, or (B) an ownership interest, whether under the Act or otherwise, or any other right, title or interest in and to any of the Releasees' Works or any other sound recording or musical composition embodying the Releasees' Works in whole or in part.

8. The provisions of this Agreement and the negotiations leading up to it shall not be disclosed in any manner to any third party, except (i) as required by law; (ii) in a court of law in connection with an action regarding a failure to comply with the obligations of this Agreement, to the extent the party filing the document takes reasonable efforts to file the document under seal; (iii) by Defendants to the other Releasees; and (iv) by the Parties to their respective attorneys, accountants, auditors, the Internal Revenue Service or any state or municipal taxing authority; provided, however, that any disclosure in response to valid legal process shall be (A) on a confidential basis, (B) strictly limited to the parties in the legal proceedings to which the process relates, and (C) upon advance notice and provision of a copy of the legal process prompting the disclosure to each non-disclosing Party to this Agreement. It is expressly understood and agreed that if any Party breaches the provisions of this paragraph, the other Parties will be entitled to appropriate remedies in an action at law or equity, including, solely in the case of a breach of the foregoing provisions by Plaintiffs or Johnson, Defendants' entitlement to recovery of the entire Settlement Payment from them or him. It is further understood and agreed that the non-breaching Party may be entitled to injunctive or other equitable relief to prevent such a breach, and shall not be obligated to secure any bond or give any security in connection with the application for such relief. The right to seek injunctive relief under this paragraph shall be in addition to all other rights, remedies and forms of relief that may be available.

9. This Agreement shall be governed by the laws of the State of New York applicable to contracts made or to be performed in New York, without regard to the conflicts of law principles thereof or to the choice of law provision of any prior agreement between the parties. All parties hereto consent to the sole and exclusive personal jurisdiction and venue in the federal or state courts in the City and County of New York and agree that all disputes or

litigation regarding this Agreement shall be submitted to and determined by said courts, which shall have sole and exclusive jurisdiction.

10. All notices and all applications to any court required by or given under this Agreement shall be given by registered mail, return receipt requested, or by overnight mail and addressed as follows:

| | |
|---|---|
| If to Johnson, Twilight or SZM:<br><br>Mr. Syl Johnson<br>3736 South Calumet Avenue<br>Chicago, Illinois 60653<br><br>– and –<br><br>Syl-Zel Music Inc.<br>3316 West 59th Street<br>Chicago, Illinois 60629 | If to SME or LaFace:<br><br>Sony Music Entertainment<br>550 Madison Avenue, 23rd Floor<br>New York, New York 10022<br>Attn: SVP, Deputy General Counsel<br><br>– with a courtesy copy to –<br><br>Manatt, Phelps & Phillips, LLP<br>11355 West Olympic Boulevard<br>Los Angeles, California 90064<br>Attn: Robert A. Jacobs, Esq. |
| If to UMG:<br><br>UMG Recordings, Inc.<br>2220 Colorado Avenue<br>Santa Monica, California 90404<br>Attn: Sr. Director, Legal & Business Affairs<br><br>– with a courtesy copy to –<br><br>Manatt, Phelps & Phillips, LLP<br>11355 West Olympic Boulevard<br>Los Angeles, California 90064<br>Attn: Robert A. Jacobs, Esq. | If to WMG, Tommy Boy or Atlantic:<br><br>Warner Music Group Corp.<br>1633 Broadway, 7th Floor<br>New York, New York 10019<br>Attn: General Counsel<br><br>– with a courtesy copy to –<br><br>Manatt, Phelps & Phillips, LLP<br>11355 West Olympic Boulevard<br>Los Angeles, California 90064<br>Attn: Robert A. Jacobs, Esq. |

Any party may subsequently change its address by notice given as provided in this paragraph.

11. This Agreement shall be deemed to have been written jointly by the Parties. Ambiguities shall not be construed against the interest of any Party by reason of it or he having drafted all or any part of this Agreement.

12. Each of the Parties agrees to bear its and his own costs and attorneys' fees in

connection with the Lawsuit and the preparation and execution of this Agreement, and none of them shall seek reimbursement of any such costs and fees from any other Party.

13. The representations, warranties, covenants and other provisions contained in this Agreement shall survive its execution. This Agreement shall continue in perpetuity and shall be worldwide in scope unless an instrument in writing signed by the Parties otherwise alters such terms.

14. The persons signing this Agreement on behalf of corporations, partnerships or any other entities hereby represent and warrant that they are duly authorized to execute this Agreement on behalf of the entities for which they have signed, and that this Agreement is legal, valid and binding on the entities for which they have signed.

15. The Parties expressly acknowledge, represent and/or agree that (i) this Agreement supersedes any and all oral statements and representations by any of the Parties hereto and embodies their full, complete and entire agreement and understanding of all of the terms and conditions with respect to the matters discussed; (ii) this Agreement and its provisions may not be altered, amended, modified, superseded, terminated, canceled, renewed, extended, waived or otherwise changed in any respect whatsoever except by a written instrument duly executed by them; (iii) they will make no claim at any time or place that this Agreement has been orally altered or modified or otherwise changed by oral communication of any kind or character; (iv) they have read this Agreement and know and understand its contents; (v) they have freely and voluntarily entered into this Agreement; (vi) no oral or written representations or promises of any kind, unless specifically contained in this Agreement, have been made or relied upon by them; and (vii) they have had the benefit of the advice of legal counsel before executing this Agreement or have been advised of their right to consult with legal counsel and have knowingly and voluntarily refrained from seeking legal counsel.

16. The Parties may execute this Agreement in separate counterparts, each of which shall be deemed an original instrument as against the party who has signed it. Electronic and facsimile copies of this Agreement shall have the same force and effect as an original.

**ACCEPTED AND AGREED:**

| | |
|---|---|
| Twilight Records Inc.<br><br>By: ______________<br>An Authorized Representative | Warner Music Group Corp.<br><br>By: ______________<br>An Authorized Representative |
| Syl-Zel Music Inc.<br><br>By: ______________<br>An Authorized Representative | Tommy Boy Music, Inc.<br><br>By: ______________<br>An Authorized Representative |
| By: ______________<br>Sylvester Thompson p/k/a Syl Johnson | Atlantic Recording Corporation<br><br>By: ______________<br>An Authorized Representative |
| UMG Recordings, Inc., individually and d/b/a Island Def Jam Records, Motown Records and Interscope Records<br><br>By: ______________<br>An Authorized Representative | Sony Music Entertainment, individually and d/b/a Epic Records<br><br>By: ______________<br>An Authorized Representative |
| | LaFace Records LLC<br><br>By: ______________<br>An Authorized Representative |

Exhibit -

16. The Parties may execute this Agreement in separate counterparts, each of which shall be deemed an original instrument as against the party who has signed it. Electronic and facsimile copies of this Agreement shall have the same force and effect as an original.

**ACCEPTED AND AGREED:**

| | |
|---|---|
| Twilight Records Inc.<br>By: [signature]<br>An Authorized Representative | Warner Music Group Corp.<br>By: __________<br>An Authorized Representative |
| Syl-Zel Music Inc.<br>By: [signature]<br>An Authorized Representative | Tommy Boy Music, Inc.<br>By: __________<br>An Authorized Representative |
| By: [signature]<br>Sylvester Thompson p/k/a Syl Johnson | Atlantic Recording Corporation<br>By: [signature]<br>An Authorized Representative |
| UMG Recordings, Inc., individually and d/b/a Island Def Jam Records, Motown Records and Interscope Records<br>By: __________<br>An Authorized Representative | Sony Music Entertainment, individually and d/b/a Epic Records<br>By: __________<br>An Authorized Representative |
| | LaFace Records LLC<br>By: __________<br>An Authorized Representative |

16. The Parties may execute this Agreement in separate counterparts, each of which shall be deemed an original instrument as against the party who has signed it. Electronic and facsimile copies of this Agreement shall have the same force and effect as an original.

**ACCEPTED AND AGREED:**

| | |
|---|---|
| Twilight Records Inc.,<br><br>By: ______________<br>An Authorized Representative | Warner Music Group Corp.<br><br>By: ______________<br>An Authorized Representative |
| Syl-Zel Music Inc.<br><br>By: ______________<br>An Authorized Representative | Tommy Boy Music, Inc.<br><br>By: ______________<br>An Authorized Representative |
| By: ______________<br>Sylvester Thompson p/k/a Syl Johnson | Atlantic Recording Corporation<br><br>By: ______________<br>An Authorized Representative |
| UMG Recordings, Inc., individually and d/b/a Island Def Jam Records, Motown Records and Interscope Records<br><br>By: ______________<br>An Authorized Representative | Sony Music Entertainment, individually and d/b/a Epic Records<br><br>By: ______________<br>An Authorized Representative |
| | LaFace Records LLC<br><br>By: ______________<br>An Authorized Representative |

16. The Parties may execute this Agreement in separate counterparts, each of which shall be deemed an original instrument as against the party who has signed it. Electronic and facsimile copies of this Agreement shall have the same force and effect as an original.

**ACCEPTED AND AGREED:**

| | |
|---|---|
| Twilight Records Inc.<br>By: [signature]<br>An Authorized Representative | Warner Music Group Corp.<br>By: [signature]<br>An Authorized Representative |
| Syl-Zel Music Inc.<br>By: [signature]<br>An Authorized Representative | Tommy Boy Music, Inc.<br>By: [signature]<br>An Authorized Representative |
| By: [signature]<br>Sylvester Thompson p/k/a Syl Johnson | Atlantic Recording Corporation<br>By: ______<br>An Authorized Representative |
| UMG Recordings, Inc., individually and d/b/a Island Def Jam Records, Motown Records and Interscope Records<br>By: ______<br>An Authorized Representative | Sony Music Entertainment, individually and d/b/a Epic Records<br>By: ______<br>An Authorized Representative |
| | LaFace Records LLC<br>By: ______<br>An Authorized Representative |

Exhibit C - Page 1

**LS SPENCER and ASSOCIATES INC**
**Specialists in Handwriting Examination and Identification**
**P.O. Box 3713** **Saint Charles, Illinois 60174**

Mr. Sylvester Thompson
3736 S Calumet Avenue
Chicago, Illinois 60653

August 27, 2015

Re: Questioned Signatures

Dear Mr.Thompson:

I was asked to examine a copy of an agreement with one signature beneath Twilight Records Inc. of Syl Johnson, one signature beneath Syl-Zel Music Inc. of Sylvester Thompson and one signature to the left of Atlantic Recording Corporation of Sylvester Thompson above Sylvester Thompson p/k/a Syl Johnson. Question; is it possible to determine whether the questioned signatures of Syl Johnson and Sylvester Thompson are authentic based on the known signatures of Syl Johnson and Sylvester Thompson provided for my examination and comparison.

It is my qualified opinion (due to examination of a copy of the questioned signature) that it is quite probable that the signature Syl Johnson beneath Twilight Records Inc. is not that of the writer Syl Johnson or Sylvester Thompson based on the known and genuine original inked signatures provided for my examination and comparison. I reserve the right to examine the original document in question and compare it to additional original known inked signatures to substantiate and support my findings.

It is my qualified opinion (due to examination of a copy of the questioned signature) that it is quite probable that the signature Sylvester Thompson beneath Syl-Zel Music Inc. is not that of the writer Sylvester Thompson based on the known and genuine original inked signatures provided for my examination and comparison. I reserve the right to examine the original document in question and compare it to additional original known inked signatures to substantiate and support my findings.

It is my qualified opinion (due to examination of a copy of the questioned signature) that it is quite probable that the signature Sylvester Thompson to the left of Atlantic Recording Corporation and above Sylvester Thompson p/k/a Syl Johnson is not that of the writer Sylvester Thompson based on the known and genuine original inked signatures provided for my examination and comparison. I reserve the right to examine the original document in question and compare it to additional original known inked signatures to substantiate and support my findings.

During my review and study of the questioned signatures of Syl Johnson and Sylvester Thompson, I determined that the signatures in question had a different writing pattern than the writing pattern found in the known, authentic signatures of Syl Johnson and Sylvester Thompson. It is my qualified opinion to a reasonable degree of scientific certainty that the signatures in question are not genuine. Specifics utilized to arrive at this conclusion are available upon request.

Sincerely,

Warren Spencer CFDE / CFE Certified Forensic Document and Fraud Examiner

Exhibit C -

16. The Parties may execute this Agreement in separate counterparts, each of which shall be deemed an original instrument as against the party who has signed it. Electronic and facsimile copies of this Agreement shall have the same force and effect as an original.

**ACCEPTED AND AGREED:**

| | |
|---|---|
| Twilight Records Inc.<br><br>By: ______________________<br>An Authorized Representative | Warner Music Group Corp.<br><br>By: ______________________<br>An Authorized Representative |
| Syl-Zel Music Inc.<br><br>By: ______________________<br>An Authorized Representative | Tommy Boy Music, Inc.<br><br>By: ______________________<br>An Authorized Representative |
| By: ______________________<br>Sylvester Thompson p/k/a Syl Johnson | Atlantic Recording Corporation<br><br>By: ______________________<br>An Authorized Representative |
| UMG Recordings, Inc., individually and d/b/a Island Def Jam Records, Motown Records and Interscope Records<br><br>By: ______________________<br>An Authorized Representative | Sony Music Entertainment, individually and d/b/a Epic Records<br><br>By: ______________________<br>An Authorized Representative |
| | LaFace Records LLC<br><br>By: ______________________<br>An Authorized Representative |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SyL JOHNSON a/k/a Sylvester Thompson, d/b/a )
SyL-ZEL MUSIC CO. + TWINIGHT Records )
**Plaintiff** )
)
)
**VS.** )
UMG Recording Inc. )
Atlantic Recording Corporation )
Tommy Boy Music, INC. )
**Defendant**
LAFACE Records LLC
Sony Music Entertainment
Warner Music Group CORP.
AND ROBERT JACOBS, individually and as defendant's attorney

1:16-cv-05045
Judge Harry D. Leinenweber
Magistrate Judge Sidney I. Schenkier

FILED

MAY - 6 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**NOTICE OF FILING**

**TO:** WARNER MUSIC GROUP Corp.,
TOMMY Boy RECORDS
ATLANTIC RECORDS

**TO:** 1633 Broadway, 7th Floor
New YORK, New YORK 10019
Attention: GENERAL COUNSEL

I understand (plaintiff/defendant), certify that on the 6 day of MAY, ~~2009~~ 2016, I served a copy of this CIVIL LAW SUIT to each person whom it is directed by way of U.S. MAIL.

Signature: [signature] a/k/a [signature]

Name: Sylvester Thompson

Address: 3736 S. Calumet Ave.

City/Zip: Chicago, IL. 60653

Telephone: 312-473-2068